NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIS PAUL TOSCANO, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-4832 (GEB) |
| MAGELLAN HEALTH SERVICES, | ) **MEMORANDUM OPINION** |
| Defendant. | ) |

**BROWN, Chief Judge**

This matter comes before the Court upon the Motion for Summary Judgment of Magellan Health Services ("Magellan" or "Defendant") against Plaintiff Louis Paul Toscano ("Toscano" or ("Plaintiff"). The Court has fully reviewed all documents filed and submitted and has decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will dismiss Plaintiff's Complaint.

**BACKGROUND**

Mr. Toscano is a former employee of AT&T. (Def. Br. at 3; Compl. at 2.) His employment with AT&T ended in 1992. (Def. Br. at 3; Compl. at 2.) Magellan is a health care management organization doing business in New Jersey. (Compl. at 1; Answer at 1.) Magellan was authorized by AT&T to administer mental health and substance abuse benefits under AT&T's employee group insurance program. (Compl. at 2; Answer at 2.)

Apart from a brief interval between 1999 and 2002, Mr. Toscano has consistently received long-term disability benefits under the AT&T plan since his departure from AT&T.

(Compl. at 2; Def. Br. at 3.) Mr. Toscano now appears to seek the termination of his disability benefits, so that he can qualify for vocational rehabilitation services and return to the workforce. (Def. Reply at 1; Compl. at 4-5.)

To that end, Mr. Toscano filed a complaint in this Court on October 6, 2005 (the "Complaint"). *See* Compl. Magellan answered the Complaint on November 28, 2005 (the "Answer"). On October 27, 2006, Magellan filed a motion for summary judgment. Mr. Toscano filed his opposition brief on December 4, 2006, along with a cross-motion for discovery.[1]

**DISCUSSION**

    A.    **STANDARD**

While Defendant has styled its motion as one seeking summary judgment, the Court finds it more appropriate to address the shortcomings of Plaintiff's Complaint under the standard of Federal Rule of Civil Procedure 12(b)(6).

A rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *McLain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232, 246 (1980). "The question before the court is not whether plaintiffs will ultimately prevail; rather, it is whether

---

[1] The Court notes with concern that Mr. Toscano's allegations of fact in the case at bar appear inconsistent with the representations he made to this Court in the matter of *Toscano v. Conn. Gen. Life Ins. Co.,* No. 05-4833 (D.N.J. filed Oct. 5, 2005) (GEB). In that case, Mr. Toscano sought the *reinstatement* of his long-term disability AT&T disability benefits, which he claimed were managed by Connecticut General Life Insurance Company. Since Magellan does not address this inconsistency and since it acknowledges managing AT&T's long-term disability program, this Court will nonetheless take Mr. Toscano's allegations as true.

they can prove any set of facts in support of their claims that would entitle them to relief." *Mobile Dredging & Pumping Co. v. City of Gloucester*, No. 04-0624, 2005 U.S. Dist. LEXIS 16601, at *7 (D.N.J. Aug. 4, 2005), *citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "Therefore, in deciding a motion to dismiss, a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff's allegations state a legal claim." *Mobile Dredging*, at *7, citing *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990).

      **B.    APPLICATION**

Plaintiff contends primarily that he has been diverted against his will into AT&T's permanent disability program – a program managed by Magellan. Pl. Opp'n at 6; *see also* Compl. at 2 ("[T]he plaintiff was involuntarily placed in a disability program through no choice of his own."). Mr. Toscano appears to claim that by classifying him as permanently disabled, Magellan is preventing him from obtaining the vocational rehabilitation help he needs to reenter the workforce.

Defendant argues, however, that since "Plaintiff admits that he has suffered no damages or injury relating to this mental health benefits, [and since] Plaintiff[ has failed] to prove or even attempt to demonstrate any negligence by Magellan with respect to the administration of his mental health benefits, Plaintiff's Complaint must be dismissed." Def. Br. at 13.

The Complaint sets out the following claims for relief:

> 1) That all fees, costs or security attendant to this litigation be hereby waived pursuant to affidavit of indigence submitted herewith.

> 2) That the Court grant such relief as may be appropriate, including injunctive orders, damages and costs.

>   3) That the defendant be ordered to reevaluate his past claims in such a way as to avoid possible retaliation from Ms. Huesemann.
>
>   4) That the court to determine [sic] if, in fact, the methods and policies applied by the defendant with regard to the plaintiff's [sic] are in conflict with other federal legislation and constitute discrimination. Moreover, he desires that the court consider whether the defendant, as part of a long term disability plan, may have facilitated a wrongful termination.
>
>   5) That the Court order the defendant to use its resources to provide vocational rehabilitation services for an agreed-upon time period, since the plaintiff desires to reenter the workforce and such services are now out of the plaintiff's reach.
>
>   6) That a jury trial is demanded by the plaintiff.

Compl. at 4-5.

This Court finds that Mr. Toscano cannot set forth a claim for discrimination against Magellan. Under Section 510 of the Employee Retirement Income Security Act ("ERISA"), it is "unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under [a] plan . . . ." 29 U.S.C. § 1140. "To recover under this provision, an employee must show (1) prohibited employer conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled." *Fischer v. Philadelphia Elec. Co.*, 96 F.3d 1533, 1543 (3d Cir. 1996) (quotations omitted), *quoting Gavalik v. Continental Can Co.*, 812 F.2d 834, 852 (3d Cir. 1987), *cert. denied*, 484 U.S. 979 (U.S. Dec. 7, 1987) (No. 86-1659). Unfortunately for Mr. Toscano, however, "[u]nder the law of [the Third] Circuit, suits for discrimination under § 510 are limited to actions affecting the *employer-employee relationship*, not mere changes in the level of benefit." *Fischer*, at 1543 (emphasis added), *citing Haberern v. Kaupp Vascular Surgeons Ltd.*

4

*Defined Benefit Pension Plan*, 24 F.3d 1491, 1503 (3d Cir. 1994), *cert. denied*, 513 U.S. 1149 (U.S. Feb. 21, 1995) (No. 94-1037).  Mr. Toscano cannot therefore set forth claims of discrimination against Magellan, the administrator of his disability benefit plan.

     As for Mr. Toscano's claim that Magellan should exclude him from the long-term disability benefit plan to allow him to qualify for vocational training, the Court finds that there is little evidence, if any, to support Plaintiff's request.  Mr. Toscano has, by his own admission, suffered "no measurable financial damage[]" attributable to the actions of Magellan.  *See* Certification of Joanna Piorek ("Piorek Cert.") Ex. J.  Moreover, the record indicates that Magellan is not in a position to modify Mr. Toscano's disability status.  Def. Reply at 4-5.  The decision to find Mr. Toscano ineligible for long-term disability benefits can only be reached by his former employer, AT&T, through whom Mr. Toscano receives his benefits.  *Id.*  Mr. Toscano's claim for such relief from Magellan thus has no place in this action.

**CONCLUSION**

Even taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, the Court therefore finds that Plaintiff's allegations fail to state a legal claim upon which relief may be granted. For the foregoing reason, the Court will dismiss Plaintiff's Complaint. Plaintiff may file an Amended Complaint within ten (10) days of filing of this Opinion. An appropriate form of Order accompanies this Opinion.[2]

Dated: February 26, 2007

                                                  s/ Garrett E. Brown, Jr.
                                                GARRETT E. BROWN, JR., U.S.D.J.

---

[2] In light of this Court's ruling that Mr. Toscano's Complaint is to be dismissed, the Court need not address his Cross-Motion for additional discovery. *See* Pl. Opp'n at 1 ("The plaintiff believes that Discovery is necessary to establish whether it played an inappropriate role in aiding and abetting AT&T, his former employer, in imposing voluntary disability status.").