NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
)
LOUIS PAUL TOSCANO,                                     )
)
    Plaintiff,                              )
)   Civil Action No. 05-4832 (GEB)
  v.                                             )
)   **MEMORANDUM OPINION**
MAGELLAN HEALTH SERVICES,                          )
)
    Defendant.                             )
_____)

**BROWN, Chief Judge**

  This matter comes before the Court upon the Motion to Dismiss of Magellan Health

Services ("Magellan" or "Defendant") against Plaintiff Louis Paul Toscano ("Toscano" or

("Plaintiff").  The Court has fully reviewed all documents filed and submitted and has decided

the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons

set forth below, the Court will grant Defendant's motion and dismiss Plaintiff's Amended

Complaint (the "Amended Complaint").

**BACKGROUND**

  Mr. Toscano is a former employee of AT&T. (Am. Compl. at 1; Mot. at 3.)  Magellan is a

health care management organization doing business in New Jersey.  (Am. Compl. at 1; Mot. at

3.)  Magellan was authorized by AT&T to administer mental health and substance abuse benefits

under AT&T's employee group insurance program. (Am. Compl. at 2; Mot. at 3.)  Mr. Toscano

still receives long-term disability benefits under the AT&T plan, years after his departure from

the company. (Mot. at 3; Am. Compl. at 2-3.)  Mr. Toscano now appears to seek the termination

of those benefits so that he can qualify for vocational rehabilitation services and return to the workforce.  (*See* Am. Compl.)

To that end, Mr. Toscano filed a Complaint in this Court on October 6, 2005.  Magellan answered the Complaint on November 28, 2005.  On October 27, 2006, Magellan filed a motion for summary judgment. The Court granted Magellan's motion on February 26, 2007, dismissing Plaintiff's Complaint but granting him leave to file an Amended Complaint.  He filed an Amended Complaint on March 27, 2007.  On April 12, 2007, Magellan filed a motion to dismiss Plaintiff's Amended Complaint.

**DISCUSSION**

A.      STANDARD

A rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *McLain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232, 246 (1980).  "The question before the court is not whether plaintiffs will ultimately prevail; rather, it is whether they can prove any set of facts in support of their claims that would entitle them to relief." *Mobile Dredging & Pumping Co. v. City of Gloucester*, No. 04-0624, 2005 U.S. Dist. LEXIS 16601, at *7 (D.N.J. Aug. 4, 2005), *citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "Therefore, in deciding a motion to dismiss, a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff's allegations state a legal claim." *Mobile Dredging*, at *7, *citing Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990).

2

B.    APPLICATION

Defendant contends that Mr. Toscano has failed to state a claim against Magellan which would entitle him to relief.  The Court agrees.

Mr. Toscano's Amended Complaint sets out two principal grievances.  First, Mr. Toscano claims that Magellan, as benefits administrator for AT&T, was in a position to know that Mr. Toscano's employment termination was improper.  Am. Compl. at 2. Second, Plaintiff contends that Magellan failed, after Mr. Toscano's termination from AT&T, to "service the plaintiff in a way that he could comfortably transition off disability and back into active employment." *Id.* at 2-3.  Plaintiff concludes that Magellan violated his rights under the American with Disabilities Act and the Vocational Rehabilitation Act of 1973. *Id.* at 1.

Defendant responds, however, that "Plaintiff's claims should be dismissed as "Plaintiff has failed to show entitlement to any benefits otherwise not received . . . ." Mot. at 1.  Defendant adds that Plaintiff has not disputed that he has suffered no measurable financial damage as a result of Magellan's actions, and concludes that Plaintiff's Amended Complaint against Magellan, "like his initial Complaint, remains Plaintiff's protestations of dissatisfaction with his disability status, a status over which Magellan has no control or influence . . . ." *Id.*

Looking to the face of the Amended Complaint and taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, the Court holds that Plaintiff has indeed failed to state a claim which would entitle him to relief. First, Mr. Toscano has not alleged any facts suggesting that he was subjected to discrimination.  Second, Mr. Toscano has not explained why Magellan, a benefits program administrator, should be held responsible for AT&T's decision to terminate Mr. Toscano and place him on disability benefits.

Finally, Mr. Toscano has not alleged that he suffered any monetary harm as a result of Magellan's actions.  While Mr. Toscano may be displeased with the treatment he has received at the hands of his former employer, he simply has not, under Fed. R. Civ. P. 12(b)(6), stated a claim for relief against Magellan.

**CONCLUSION**

For the foregoing reasons, the Court will grant Defendant's motion to dismiss.  Since Mr. Toscano has already been given an opportunity to amend his Complaint, and since the grant of leave to file a second amended complaint would be futile in this matter, Mr. Toscano's Amended Complaint is dismissed with prejudice.  *Ramsey v. Dintino*, No. 05-5492, 2007 U.S. Dist. LEXIS 23517 at *10 (D.N.J. March 30, 2007) (the court "may dismiss a complaint without granting leave to amend, if doing so would be futile, would cause undue delay or prejudice, or would further plaintiff's bad faith or dilatory motives."), *citing In re Burlington*, 114 F.3d 1410, 1434 (3d Cir. 1997). An appropriate form of Order accompanies this Opinion.

Dated: May 10, 2007

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.